## Napier v. Napier.

(Decided April 27, 1923.)

### Appeal from Laurel Circuit Court.

1. Divorce—Wife's Refusal to Return After Husband Had Complied With Suggestions Made on Former Appeal Held to Defeat Her Right to Divorce.—Where the court determined on a previous appeal that the trouble between a husband and wife resulted from their living with the husband's son and daughter by a former marriage, and recommended that the son and daughter be required to leave the husband's home, and that he then invite his wife to return, and the husband fully complied with the suggestion of the court, and unconditionally invited the wife to return to live with

him, which she refused to do, it was not error for the chancellor to deny her petition for divorce and alimony.

2.  Divorce—Fact That Divorce was Erroneously Granted Husband Does not Show Error in Denying Alimony to Wife.—That a judgment granting a husband a divorce was erroneous, which the court was without power to review, does not prove that the wife's claim of alimony should have been granted, where her petition for divorce was properly denied.

HAZELWOOD & JOHNSON for appellant

RAWLINGS & WRIGHT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Upon a former appeal in this case, reported in 187 Ky., 722, 220 S. W. 735, we held the chancellor erred in dismissing the petition of appellant for a divorce and alimony, and remanded the cause for further proceedings consistent with that opinion.

In the course of that opinion, we recited the evidence showing that the sole cause of the separation was the attitude toward and treatment of plaintiff by the four children of defendant by a former marriage, who lived with them, and noted the fact that "both the husband and wife professed their anxiety and desire to live together."

Upon these facts, and in order that an opportunity for a reconciliation might be afforded, we held that "when the married son shall have removed himself and family from his father's home, the eldest daughter living elsewhere, the way for appellant to re-enter and repossess herself as mistress of the home will be open and she should avail herself of the opportunity thus afforded. With the more objectionable features eliminated, the couple should live in peace and harmony."

This latter sentence plainly indicated our conclusion that with the son and eldest daughter removed from the home, the presence of the two younger daughters therein would not excuse a refusal by the wife to return to her husband and at least make another effort to live with him.

The cause was then remanded with instructions to allow the wife $12.50 per month as alimony "until such time as appellee (the husband) has conformed his home to the suggestions found herein and duly notified his wife to that effect, nor should he attach improper conditions to her return."

While that appeal was pending, appellee had instituted suit for divorce from his wife, upon the ground of one year's abandonment, but after the mandate was filed in the circuit court, he caused his son and family to move out of his home, notified his wife of the fact, and requested her to return to him, which she declined to do.

Thereafter the two causes were consolidated, and upon submission, after proof of the above facts, which the wife admits to be true, the chancellor entered a judgment dissolving the bonds of matrimony, and dismissing the wife's claim for alimony, except as directed in the former opinion, but adjudging the costs of both suits against the husband.

Appellee attached no condition of any kind to his request that appellant return to him, and it therefore is clear that he has obeyed and she has refused to comply with the conditions prescribed in the former opinion for further proceedings in the case.

Hence the chancellor did not err in refusing her plea both for a divorce and for alimony after the date of her refusal to return to her husband.

We are without power to reverse the judgment granting him a divorce, and the fact, if a fact, that it was erroneously granted does not prove that her claim of alimony should have been granted, but only that no divorce should have been granted either party.

Judgment affirmed.